JAMES O'CONNOR, Respondent, v. NORMOND RESTAURANT, INC., Appellant.— The action is to recover damages for personal injuries, including a fracture of the femur, alleged to have been sustained by plaintiff, a patron of defendant's restaurant, when he slipped and fell on the floor in the men's room. Plaintiff recovered a verdict for $7,000, and defendant appeals from a judgment entered thereon. Judgment reversed on the facts, and a new trial granted, with costs to appellant to abide the event. Plaintiff claimed that he fell because the floor of the men's room was wet and covered with discarded paper towels, creating an unsafe and dangerous condition. Defendant denied that the condition described by plaintiff and his witnesses existed and that he fell and was injured in the men's room. In our opinion the verdict is against the weight of the evidence. It is undisputed that after plaintiff fell he walked ten or fifteen feet to a stairway; that he climbed the stairway — about twenty steps — and walked ten or fifteen feet to a lavatory and then returned to the stairway intending to go downstairs, but he was unable to proceed further. All the doctors agree that plaintiff would not have-been able to walk upstairs unless the fracture which he suffered were impacted. Dr. Roesch, who was present when plaintiff was operated upon and who was his physician after December 1, 1939, testified that plaintiff suffered an intracapsular fracture of the femur. While he also testified that such an accident could be a competent producing cause of an impacted fracture, he was unable to say whether the fracture plaintiff sustained was impacted. Dr. Sangree, called by defendant, testified that the X-ray showed no evidence of an impacted fracture, and when he examined plaintiff in the presence of his attorney it was claimed he had a complete transverse surgical fracture. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES COHEN, Alias " YANK," Appellant.— Judgment of conviction of the crime of violating section 974 of the Penal Law (keeping of place for game of policy) unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.